771 F.Supp. 1503 (1991)
Craton LIDDELL, et al., Plaintiffs,
v.
The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MISSOURI, et al., Defendants.
No. 72-100 C (5).
United States District Court, E.D. Missouri, E.D.
August 30, 1991.
William P. Russell, Joseph McDuffie, St. Louis, Mo., for Liddell, plaintiffs.
Michael A. Middleton, Columbia, Mo., William L. Taylor, Washington, D.C., Wayne C. Harvey, Caldwell, Harvey, Hughes, McHugh & Singleton, St. Louis, Mo., for Caldwell/NAACP, plaintiffs.
Kenneth C. Brostron, Lashly & Baer, St. Louis, Mo., for City Bd., defendants.
Michael J. Fields, Bart A. Matanic, Asst. Mo. Attys. Gen., Jefferson City, Mo., John J. Lynch, Asst. Mo. Atty. Gen., St. Louis, Mo., David R. Boyd, Comey & Boyd, Washington, D.C., for State of Mo., defendants.
Andrew J. Minardi, Joseph D. Ferry, St. Louis, Mo., for St. Louis County, defendants.
*1504 Shulamith Simon, Husch, Eppenberger, Donohue, Cornfeld & Jenkins (court-appointed), St. Louis, Mo., amicus curiae.
Craig Crenshaw, Jr., Jeremiah Glassman, U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., for U.S.
James J. Wilson, St. Louis City Counselor, St. Louis, Mo., for City of St. Louis.
Anthony J. Sestric, Sestric & Cipolla, St. Louis, Mo., for St. Louis Collector of Revenue.
Charles Werner, St. Louis, Mo., for Mo. NEA.
Charles R. Oldham, Louis Gilden, St. Louis Mo., for Teachers Local Union 420.
Robert Bartman, Com'r, Mo. Dept. of Elementary & Secondary Educ., Jefferson City, Mo., for Mo. Dept. of Elementary & Secondary Educ.
Henry D. Menghini, Robert J. Krehbiel, Evans & Dixon, St. Louis, Mo., for Affton and Lindbergh School Districts.
Darold E. Crotzer, Jr., St. Louis, Mo., for Bayless, Jennings, Normandy and Wellston School Districts.
George J. Bude, St. Louis, Mo., for Brentwood, Clayton and Hancock Place School Districts.
Frank Susman, Susman Shermer Rimmel & Shifrin, St. Louis, Mo., for Ferguson-Florissant School Dist.
Robert P. Baine, Jr., St. Louis, Mo., for Hazelwood School Dist.
Bertram W. Tremayne, Jr., Tremayne Lay Carr Bauer & Nouss, St. Louis, Mo., for Kirkwood and University City School Districts.
Robert G. McClintock, St. Louis, Mo., for Ladue School Dist.
Richard Ulrich, Summers Compton Wells & Hamburg, St. Louis, Mo., for Maplewood-Richmond Heights School Dist.
John Gianoulakis, Kohn Shands Elbert Gianoulakis & Giljum, St. Louis, Mo., for Mehlville, Pattonville and Rittenour School Districts.
Donald J. Stohr, James Erwin, R.J. Robertson, Thompson & Mitchell, St. Louis, Mo., for Parkway School Dist.
Edward J. Murphy, Jr., Garry K. Seltzer, St. Louis, Mo., for Riverview Gardens School Dist.
Douglas A. Copeland, Robert W. Copeland, Copeland Gertner & Thompson, St. Louis, Mo., for Webster Groves School Dist.
Thomas Tueth, Audrey Fleissig, Ian Cooper, Peper Martin Jensen Maichel & Hetlage, St. Louis, Mo., for St. Louis County Special and Rockwood School Districts.
Kenneth V. Byrne, Schlueter & Byrne, St. Louis, Mo., for Valley Park School Dist.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the Court regarding the recently filed Amicus Report on the Capital Improvements Budget (hereinafter referred to as simply the Amicus Report), L(3525)91. The parties have not had an opportunity to respond. Nonetheless, school begins September 3, 1991, construction schedules must be met, and time is of the essence. This memorandum is therefore being entered at once. The report was filed pursuant to court order L(3337)91 in which the Amicus was directed to chair a committee comprised of the Executive Directors, representatives of the City Board, State and plaintiffs and representatives of McCarthy-Fleming. This committee was to meet and develop a revised capital improvements budget. In order to develop a revised budget, this Amicus committee was to thoroughly review the total capital improvements project as mandated by L(1570)87 and L(2090)88. See L(3337)91, pages 3-4.
The Amicus Report is the result of several months of extensive investigative work by the Amicus and her committee, especially the Executive Directors. Their research and analysis is extremely impressive. It is the most thorough review of the school system's present and future physical facilities' needs to date. It is also the most realistic picture of the capital improvements *1505 program that the Court has ever been given.
The Court is pleased that updated enrollment projections and building capacities clearly establish the need for fewer buildings than anticipated. The Court is further pleased to see that an alternative does exist to converting integrated schools to non-integrated schools and middle schools to elementary schools and/or high schools to middle schools. It is obvious that the current Comprehensive Student Assignment and Consolidation Plan, 1992-93 (CSACP), L(2945)90 requires revision. It is unfortunate that the thoroughness exhibited today was not exhibited a year ago.
Finally, the Court's suspicions regarding cost overruns have evidently been confirmed. The City Board has independently gone beyond the scope of work contemplated in L(1570)87 and L(2090)88. Cost overruns totaling approximately $150 million is not the result of a mere difference of opinion or interpretation.
The Amicus Group found that the capital improvements, as mandated by L(1570)87 and L(2090)88, are being done and can be completed by June 1995. It further found that the City Board has sufficient funding resources to complete the capital improvements as directed by L(1570)87 and L(2090)88.
The Court agrees with the Amicus Report findings. It is quite apparent that the $150 million plus in additional work requested is outside the scope of the Court's standing orders. If these additional improvements are meritorious, then the City Board should allocate non-desegregation funds for their undertaking. Whether or not the City Board elects to go forward on its own in making the additional improvements, at its own cost, the Court expects all the work mandated in L(1570)87 and L(2090)88 to be completed by June 1995. The City Board currently has sufficient funds to carry out and complete the court-approved capital improvements project. Anything beyond the scope of work approved by the Court may be done by the City Board but only at the City Board's own expense.
Finally, the notion of a periodic accounting covering both construction activity and funding is an excellent idea. Perhaps if this had been done from the beginning, the present situation would not have occurred.
The Court will approve the revision of the current assignment plan, L(2945)90, as proposed in the Amicus Report with one exception: Ames will not be substituted for Jackson. A revised racial mix of 55% black/45% white with a 5% variance for the integrated schools will be approved.
The Court further approves the relocation of the Tri-A Outreach Center from the Mathews-Dickey Boys Club to King; the designation of Carr Lane as VPA Middle and Marquette as VPA Elementary; the designation of Mullanphy as the ILC Elementary and the Science Center Magnet as the ILC Middle, and the use of Southwest as a transitional high school while McKinley is renovated (said renovation to be completed by September 1992). The City Board will reschedule the renovation of the magnet schools so as to avoid delays caused by schools not being available in appropriate sequence.
By 1995, all the schools needed will be renovated in accordance with L(1570)87 and L(2090)88. Student reassignments will be completed. For the remainder of the decade and years to come, city students should be able to attend classes on a consistent basis in a proper learning environment.